Entered on Docket
April 29, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: April 29, 2011

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 10-33208 TEC |
| ALEXANDER ALBERTO CASTILLO,<br>aka DAXENO CASTILLO,<br>aka ALEXANDER DAXENO CASTILLO,<br>aka DAXENO ALEXANDER CASTILLO,<br><br>Debtor. | ) Chapter 7 |

**MEMORANDUM RE ORDER TO SHOW CAUSE RE ATTORNEY FEES**

On February 11, 2011, the court held a hearing on the court's January 21, 2011 Order to Show Cause Regarding Attorney Fees (the Order). Michael Shemtoub (Shemtoub) appeared in response to the Order. Alexander Castillo (Debtor) appeared in pro per.

Upon due consideration, the court determines that the attorney fees collected by Shemtoub from Debtor exceed the value of the services provided to Debtor, and that Shemtoub must repay Debtor all fees collected, except the $299 chapter 7 filing fee. This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On December 29, 2009, Debtor retained Shemtoub to file a chapter 7 bankruptcy case and agreed to pay Shemtoub a flat fee of

MEMORANDUM RE ATTORNEY FEES -1-

$1,500 for Shemtoub's legal services in connection with Debtor's bankruptcy case.

On January 6, 2010, Debtor paid Shemtoub $100. On August 18, 2010, Debtor paid Shemtoub an additional $800.

On August 20, 2010, Shemtoub filed Debtor's chapter 7 bankruptcy petition, paid Debtor's $299 chapter 7 filing fee, and filed a Rule 2016(b) statement. The Rule 2016(b) statement provides that Debtor paid counsel $500 prepetition,[1] that the unpaid balance is $1,000, and that Debtor's wages are the source of payments for the unpaid balance.

On August 27, 2010, Shemtoub spent three hours attempting to stop the garnishment of Debtor's wages.

On September 14, 2010, Shemtoub spent thirty minutes gathering documents required to be filed in the bankruptcy case pursuant to 11 U.S.C. § 521.

On September 15, 2010, Shemtoub spent thirty minutes attempting to obtain tax information for Debtor from the Internal Revenue Services.

On September 21, 2010, the initial section 341 meeting of creditors was held. The 341 meeting was continued to November 2, 2010.

On September 23, 2010, Shemtoub e-mailed Debtor the following: "Alex–you are past due on the $1,000 due on your case. Please send the balance to us as soon as possible to ensure that your case is not dismissed."

On October 29, 2010, Debtor paid Shemtoub $200.

---

[1] Shemtoub's declaration in response to the order to show cause provides that Shemtoub collected $900 from Debtor prepetition.

On November 1, 2010, Shemtoub e-mailed Debtor asking for immediate payment of $450 for Shemtoub's appearance at the continued meeting of creditors and for making a court appearance on Debtor's behalf.

On November 2, 2010, the continued section 341 meeting of creditors was held.

On November 5, 2010, the chapter 7 trustee filed a no-asset report.

On November 18, 2010, Debtor sent a letter to the above-signed judge regarding Shemtoub's September 23rd e-mail.

November 22, 2010 was the deadline for a creditor to file a complaint objecting to Debtor's discharge or to determine the dischargeability of a debt. No such complaint was filed. On November 23, 2010, the court entered Debtor's discharge.

On January 21, 2011, the court issued the Order, setting a hearing to show cause why, pursuant to 11 U.S.C. §§ 329(b) and 362(k), Shemtoub should not be required to disgorge the fees paid by Debtor or to pay damages to Debtor if the court found that Shemtoub intentionally violated the automatic stay. The Order set February 4, 2011 as the deadline to file a response.

On February 7, 2011, Shemtoub filed a response to the Order. The response does not contain any documentary evidence that Shemtoub billed Debtor separately for the work performed for Debtor postpetition, or that the parties had agreed to modify the prepetition retainer agreement. The declaration confirmed the prepetition agreement that Shemtoub would represent Debtor in the bankruptcy case for a flat fee of $1,500.

MEMORANDUM RE ATTORNEY FEES    -3-
Case: 10-33208   Doc# 17   Filed: 04/29/11   Entered: 04/29/11 15:18:02   Page 3 of 5

**LAW**

If compensation to a debtor's counsel exceeds the reasonable value of services provided, the court may order the fees returned to the debtor. 11 U.S.C. § 329(b)(2); In re Jastrem, 253 F.3d 438, 443 (9th Cir. 2001). The court has authority to order repayment of all fees when an attorney receives compensation in a manner that violates the Bankruptcy Code. E.g., In re Waldo, 417 B.R. 854, 892-96 (Bankr. E.D. Tenn. 2009)

The court determines that Shemtoub received compensation in a manner that violated the automatic stay[2] and the discharge injunction,[3] because Shemtoub e-mailed Debtor postpetition to demand payment of fees owing under the prepetition retainer agreement, because Shemtoub collected $200 postpetition on account of fees owing under the prepetition retainer agreement, and because Debtor's obligation to pay the prepetition fees was discharged. Jastrem, 253 F.3d at 442. The appropriate remedy for Shemtoub's violation of the Bankruptcy Code is disgorgement of all fees paid by Debtor to Shemtoub (pre- and postpetition), less the $299 chapter 7 filing fee. 11 U.S.C. § 329(b); see Waldo, 417 B.R. at 892-96.

**\*\*END OF MEMORANDUM\*\***

---

[2] 11 U.S.C. § 362(a).

[3] 11 U.S.C. § 524(a).

## Court Service List

Alexander Alberto Castillo
339 Valencia Drive
South San Francisco, CA 94080

Michael Shemtoub, Esq.
Law Offices of Michael Shemtoub
8383 Wilshire Blvd. #702
Beverly Hills, CA 90211